**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUL 8 2026

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OMAR RAMOS-QUINTANA,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 25-1138

Agency No.
A088-673-190

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 5, 2026
Phoenix, Arizona

Before: BERZON, CALLAHAN, and FRIEDLAND, Circuit Judges.
Dissent by Judge CALLAHAN.

Omar Ramos-Quintana, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") summary dismissal of his appeal of

an Immigration Judge's order of removal. Proceeding before the BIA, Ramos-

Quintana filed his brief two weeks late. He also filed a motion and explanatory

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

affidavit asking the BIA to accept his brief, tardiness notwithstanding. The BIA denied that motion without explanation and subsequently summarily dismissed his appeal, citing his failure to file a timely brief or reasonably to explain his failure to do so. On appeal before this court, Ramos-Quintana argues that the BIA abused its discretion by rejecting his late brief without explanation. We grant the petition and remand to the BIA for further proceedings.

We review for abuse of discretion the BIA's denial of a motion to accept an untimely filed brief. *Garcia Gomez v. Gonzales*, 498 F.3d 1050, 1051 (9th Cir. 2007) (per curiam). "The BIA abuses its discretion when it acts arbitrarily, irrationally, or contrary to the law, and when it fails to provide a reasoned explanation for its actions." *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014) (citation modified). We conclude that the BIA abused its discretion by denying Ramos-Quintana's motion to accept an untimely filed brief.

Federal regulations authorize the BIA to, "[i]n its discretion, . . . consider a brief that has been filed out of time." 8 C.F.R. § 1003.3(c)(1). In reviewing decisions the BIA makes pursuant to such regulations, this Court "appl[ies] 'traditional administrative law principles.'" *Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021) (quoting *Garland v. Dai*, 593 U.S. 357, 369 (2021)). Those principles require us to "assess the lawfulness of an agency's action in light of the explanations the agency offered for it." *Dai*, 593 U.S. at 369 (citing *SEC v.*

*Chenery Corp.*, 318 U.S. 80 (1943)). Though the BIA has significant discretion to accept or deny a late-filed brief, the agency must nevertheless "offer 'some reasoned explanation'" for its decisions so that "the Court of Appeals [may] perform . . . meaningful review." *Garcia Gomez*, 498 F.3d at 1051 (first quoting *Oh v. Gonzales*, 406 F.3d 611, 613 (9th Cir. 2005); and then quoting *Gutierrez-Almazan v. Gonzales*, 491 F.3d 341, 344 (7th Cir. 2007));[1] *see, e.g.*, *Dep't of Com. v. New York*, 588 U.S. 752, 785 (2019) ("The reasoned explanation requirement of administrative law . . . ensure[s] that agencies offer genuine justifications for important decisions, reasons that can be scrutinized by courts and the interested public."); *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (collecting immigration cases applying this requirement).

Ramos-Quintana filed his brief with the BIA two weeks late along with a Motion to Accept Untimely Brief and an affidavit explaining the reasons for the late filing. The affidavit cites "administrative error," declaring that the BIA's briefing schedule was never forwarded to Ramos-Quintana's attorney after it was received by that attorney's law firm. The BIA denied Ramos-Quintana's motion, stating only that his explanation was "insufficient," without offering any insight

---

[1] The Government asks us to affirm the BIA's decision under the holding of *Zetino v. Holder*, 622 F.3d 1007 (9th Cir. 2010). We decline to do so because *Zetino*, unlike *Garcia Gomez*, did not address whether the BIA abuses its discretion by failing to explain why it denied a motion to file an untimely brief.

into why that was so. Stating only that a petitioner's rationale for late filing is "insufficient" is itself an insufficient explanation, because the BIA might find a petitioner's explanation lacking for any number of reasons. Because we "assess the lawfulness of an agency's action in light of the explanations the agency offered for it," *Dai*, 593 U.S. at 369, we cannot assume the BIA had a justifiable reason to deny Ramos-Quintana's brief. The BIA's cursory explanation prevents us from conducting meaningful review and so amounts to an abuse of discretion. *Garcia Gomez*, 498 F.3d at 1051.

The petition is **GRANTED.** Because the BIA's summary dismissal of Ramos-Quintana's appeal under 8 C.F.R. § 1003.1(d)(2)(i)(E), rested solely on his failure to file a timely brief, the summary dismissal is **VACATED**. This case is **REMANDED** to the BIA for further proceedings consistent with this decision.[2]

---

[2] The motion to stay removal, Dkt. No. 2, is denied as moot.

***Ramos-Quintana v. Blanche*, No. 25-1138**

CALLAHAN, Circuit Judge, dissenting

I dissent.  The denial of Omar Ramos-Quintana's Motion to Accept Untimely Brief by the Board of Immigration Appeals ("BIA") should be affirmed because the record shows that the single excuse offered for failing to file a timely brief was unquestionably inadequate.  The sole excuse offered by Ramos-Quintana's attorney, Marcos S. Favela, for tendering a late brief was that his law firm, after receiving the briefing schedule from the Board of Immigration Appeals ("BIA"), failed to forward the schedule to him.

In *Garland v. Ming Dai*, 593 U.S. 357 (2021), the Supreme Court stated that "a reviewing court must 'uphold' even 'a decision of less than ideal clarity if the agency's path may reasonably be discerned.'"  *Id*. at 369 (*quoting Bowman Transp., Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 286 (1974)).

Here, accepting Ramos-Quintana's representations, the BIA's reasoning is clear.  It found that the law firm's failure to timely bring the BIA's notice to Favelo's attention did not require it to accept the proffered late brief.  This is hardly surprising as the excuse is similar to an unsupported claim of ineffective assistance of counsel.  *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 822, 824 (9th Cir. 2003).

Accordingly, I would affirm the BIA's decision.